6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

JUL 2 0 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ANGEL NAVARRO PULIDO, | § | |
| Defendant-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-98-073 |
| VS. | § | |
| | § | CRIMINAL NO. B-97-191 |
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Angel Navarro Pulido ("Pulido") has filed a petition pursuant to 28 U.S.C. § 2255 (Docket No. 3) seeking to have his sentence adjusted by the application of an additional two point reduction to his offense level. The government has filed an Answer and Motion to Dismiss (Docket No. 5) which, for the reasons set forth below, should be granted.

### FACTS

This factual summary is drawn from the government's answer and the file in the underlying criminal case, Cr. No. B-97-191. Pulido was arrested by officers of the United States Coast Guard while he was unloading marihuana from a boat on South Padre Island, Texas. He was indicted (Docket No. 1 in Cr. No. B-97-191) and charged with conspiracy to import marihuana, importation of marihuana, conspiracy to possess with intent to distribute marihuana, and possession with intent to distribute marihuana.

On July 31, 1997, he pled guilty to possession of marihuana as part of a plea agreement under which he agreed to cooperate fully with the government and the government agreed to dismiss the remaining counts of the indictment and recommend a three point reduction for

acceptance of responsibility and to file a 5K.1 motion for substantial assistance. (Docket No. 58 in Cr. No. B-97-191).

On October 9, 1997, the government filed a Request of the United States for Downward Departure From Sentencing Guidelines pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 (Docket No 83 in Cr. No. B-97-191). On the same day, Pulido executed a written waiver of his appeal rights, including the right to appeal his sentence. (Docket No. 86 in Cr. No. B-97-191). Judge Filemon B. Vela granted the government's Request. (Docket No. 84 in Cr. No. B-97-191).

After applying a two point reduction pursuant to U.S.S.G. § 2D1.1(b)(6) [a typographical error in the PSI cites this as 2D1.1(b)(4)] and an additional three point reduction for acceptance of responsibility, Pulido's total offense level was 23. (P.S.I. in Cr. No. B-97-191). The guideline range was 46 to 57 months.

On October 9, 1997, Pulido was sentenced to 31 months to serve. (Docket No. 95 in Cr. No. B-97-191).

## THE SECTION 2255 MOTION

Pulido argues that his counsel was ineffective for not obtaining an additional two point reduction, because Pulido agreed not to contest his deportation. Pulido argues that the Attorney General ordered such a reduction.

## RECOMMENDATION

According to the government, (Docket No. 5 p.6), in 1995, the Attorney General in a memorandum to federal prosecutors outlined procedures to incorporate in plea agreements a stipulation to administrative deportations. This memorandum is not the basis of an amendment

2

to the Guidelines. *United States v. Angel Martinez*, 988 F.Supp. 475, 478-483 (D. N.J. 1997).

There is judicial authority for the proposition that there should be, under some circumstances, a downward departure for deportable alien status, *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994) and *United States v. Farouil*, 124 F.3d 838 (7th Cir. 1997).

However, in *United States v. Nnanna,* 7 F.3d 420, 422-423 (5th Cir. 1993), the Fifth Circuit had rejected the rationale later expressed in these cases. The rule in this Circuit is that an alien's ineligibility for pre-release confinement or likelihood of being deported is not a basis for a downward departure.

Even under the *Smith* holding, such departures should be applied infrequently in cases where the alien could show that because of his alien status there would have to be a severe substantial difference in his conditions of confinement. Pulido has not made such a showing.

Pulido's claims that his counsel was ineffective must fail. Under the *Strickland v. Washington*, 466 U.S. 688 (1984) test Pulido would have to show that his counsel's ineffectiveness was so serious that the conviction should be reversed. Had counsel made the request for downward departure the trial court following *Nnanna* would have denied it. Even if Pulido's case had been appealed, there is little doubt that under the holding in *Nnanna*, it would have been affirmed.

IT IS THEREFORE **RECOMMENDED** that the government's Motion for to Dismiss be **GRANTED** and that Angel Navarro Pulido's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

3

unobjected-to proposed factual findings and legal conclusions accepted by the district Court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 19th day of July 1999.

                                              John Wm. Black
                                        United States Magistrate Judge

4